# EXHIBIT B

# ARNOLD & PORTER

Anand Agneshwar
Anand_Agneshwar@aporter.com
212.715.1107
212.715.1399 Fax

34th Floor
399 Park Avenue
New York, NY 10022-4690

March 14, 2003

**VIA HAND DELIVERY**

Greg Miller, Esq.
Miller, Alfano & Raspanti, P.C.
Suite 3402
1818 Market Street
Philadelphia, PA
19103

Re: *Linda Harmon, et al.*, MDL Case No. 02-20082; *Duwanda Robbins, et al.*, MDL Case No. 02-20081; *Janice Binion, et al.*, MDL Case No. 02-20119; *Lillian Chandler, et al.*, MDL Case No. 02-20120; *Patricia Mosley, et al.*, MDL Case No. 02-20122; *Mary F. Sanders, et al.*, MDL Case No. 02-20121; and *Brenda Stallings, et al.*, MDL Case No. 02-20118

Dear Special Master Miller:

Please consider this letter in lieu of a more formal motion for entry of the attached scheduling order in the above-captioned cases. On March 6, 2003, Wyeth's counsel received a faxed notice from Mark Anderson of your office that you required the parties to develop a scheduling order for completion of discovery for submission to your office by March 14, 2003. With this letter, Wyeth attaches a proposed scheduling order that Wyeth believes will further the disposition of these cases given their current status.

As a preliminary matter, it bears emphasizing that the these actions are rife with violations of the Nationwide Class Action Settlement Agreement and that Wyeth has made numerous attempts to work with plaintiffs' counsel to correct these defects. The procedural history of these cases is as follows:

Plaintiffs filed these seven actions in Mississippi state court on behalf of a total of 250 plaintiffs (a majority of whom are purportedly Back-End Opt Outs) beginning in August 2001. All of the cases were filed by the same plaintiffs' counsel. The complaints in each case are virtually identical, other than the description of the plaintiffs. Additionally, the complaints all seek damages for injuries beyond which back end opt outs may claim; the complaints all seek punitive damages, which they are prohibited from seeking. Wyeth removed all seven of these actions to the United States District Court for the Southern District of Mississippi, and the Judicial Panel on Multidistrict Litigation subsequently transferred them to this Court. Wyeth's removals were premised on, among other things, diversity jurisdiction based on fraudulent joinder. The complaints named as

# ARNOLD & PORTER

defendants phentermine companies and pharmacies. In PTO 2567, Judge Bartle held that phentermine companies and pharmacies were fraudulently joined in the *Anderson*, *Ashley*, and *Castal* cases.

These cases present a number of problems relating to plaintiffs' eligibility to sue under the Settlement Agreement. As noted above, the plaintiffs seek damages beyond which downstream opt-outs may seek, including punitive damages. Moreover, notwithstanding the fact that by filing these complaints plaintiffs represented that they qualify for downstream opt-out status, plaintiffs own purportedly qualifying echocardiogram reports demonstrate that as many as 80% to 90% of the plaintiffs in these cases are medically disqualified on the face of the reports.

Moreover, it has been extremely difficult for Wyeth to obtain echocardiogram reports and tapes on these plaintiffs. Despite Wyeth's repeated attempts to obtain these materials, plaintiffs' counsel has stated that it does not possess and therefore is not able to produce the necessary tapes.

In its attempts to avoid unnecessary motion practice, Wyeth made many attempts to urge plaintiffs to dismiss those individuals who are clearly not entitled to sue. Wyeth wrote numerous letters to plaintiffs and made numerous phone calls. A copy of such correspondence is attached. While plaintiffs' counsel have assured cooperation, to date none has been forthcoming. Most recently, in response to your office's request, and in an attempt to seek plaintiffs' cooperation one last time, we sent plaintiffs' counsel the attached scheduling order and asked that they respond to Wyeth by the close of business on Thursday, March 13. Plaintiffs' counsel has not responded.

If agreed to by the Court, the Scheduling Order, if complied with, should streamline this case significantly and result in the dismissal with prejudice of many of these plaintiffs.

Thank you for your continued consideration of this case. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Anand Agneshwar

cc: Gray Laird, Esq.
    Arnold Levin, Esq.
    William Gage, Esq.
    Mark Anderson, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20081 |
| JANICE BINION, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20122 |
| MARY F. SANDERS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | MDL Case No. 02-20121 |
| - and - BRENDA STALLINGS, et al. v. WYETH-AYERST PHARMACEUTICALS, INC., et al. | MDL Case No. 02-20118 |

PRE-TRIAL ORDER No. _____

The Court imposes the following deadlines:

1

1.  Within thirty (30) days from the date of this Order, Plaintiffs will conform their complaints to the Nationwide Class Action Settlement Agreement (the "Settlement Agreement") and shall produce plaintiff fact sheets, as well as all echocardiogram tapes, reports, and other materials that have not previously been produced relating to plaintiffs' asserted right to sue under the Settlement Agreement.

2.  This evidence shall include, but is not limited to, all echocardiograms and reports, including digitized tapes and frames, still frames and other echocardiogram materials, heart catheterization reports and tracings, and other diagnostic reports that have been performed on the Plaintiffs. If plaintiffs withhold any such evidence for any reason, they shall identify with specificity what evidence is being withheld and the reasons for withholding it.

3.  Within thirty (30) days from the date of this Order, plaintiffs also shall confer with Wyeth on an agreed order dismissing with prejudice plaintiffs who are ineligible to sue under the Settlement Agreement.

## Eligibility Challenges

4.  Wyeth shall have ninety (90) days from receipt of the materials referred to in paragraphs 1 and 2 to file challenges as to plaintiffs' eligibility to sue.

5.  Plaintiffs shall have thirty (30) days to file a response to Wyeth's eligibility challenges.

6.  Wyeth will have 15 days to file a reply.

7.  After briefing is complete on challenges to eligibility, the Court shall hold an evidentiary hearing, or employ other appropriate procedures, after which it shall make findings as to whether the challenged plaintiffs are eligible to sue under the Settlement Agreement.

8.  The parties will agree as to a reasonable date to complete fact discovery, depending on how many plaintiffs remain, after the Court has made its evidentiary findings.

## Expert Witness Designations

9.  No later than thirty (30) days after the close of fact discovery, plaintiffs shall identify each case-specific expert witness who is expected to testify for plaintiffs on any issue other than economic damages, and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. No later than thirty (30) days after plaintiffs have served case-specific expert designations, Wyeth shall identify each case-specific expert witness who is expected to testify for Wyeth on any issue other than economic damages, and, except to the extent such disclosures have already been made, shall make all expert witness disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

SO ORDERED:

_____
Harvey S. Bartle, III, U.S.D.J.

# ARNOLD & PORTER

Robert D. Rosenbaum
Robert_Rosenbaum@aporter.com

202.942.5862
202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

June 25, 2002

VIA FACSIMILE

Wilbur O. Colom, Esq.
The Colom Law Firm
406 Third Avenue North
Columbus, MS 39703

Thomas Y. Page, Esq.
Page, Kruger & Holland, P.A.
775 Woodland Parkway – Suite 100
Ridgeland, MS 39157

Gentlemen:

    I am writing with respect to the following cases which you have filed against our client, Wyeth, formerly known as American Home Products Corporation, which are now pending before the U.S. District Court for Eastern District of Pennsylvania in MDL 1203: *Linda Harmon, et al.*, MDL Case No. 02-20082; *Duwanda Robbins, et al.*, MDL Case No. 02-20081; *Janice Binion, et al.*, MDL Case No. 02-20119; *Lillian Chandler, et al.*, MDL Case No. 02-20120; *Patricia Mosley, et al.*, MDL Case No. 02-20122; *Mary F. Sanders, et al.*, MDL Case No. 02-20121; and *Brenda Stallings, et al.*, MDL Case No. 02-20118.

    As you know, we have removed all these cases based in part on the All Writs Act, 28 U.S.C. § 1651(a), in addition to removal under 28 U.S.C. § 1441(a). The grounds for removal under the All Writs Act are these complaints' violations of the Nationwide Class Action Settlement Agreement (the "Settlement Agreement"). I am writing to determine if it is possible to resolve some or all of those violations by agreement. We set forth in our removal papers a number of our objections I that regard. Set forth below is a list of the violations that we would assert to Judge Bartle in support of removal under the All Writs Act, and which we ask you to cure:

    (1) While many of the plaintiffs in these actions have belatedly filed Back-End Opt-Outs, a large number of them have still not done so, according to our records. In addition, a Back-End Opt-Out must also file a completed and executed Blue Form, and, to the best of our knowledge, none of the plaintiffs in these actions has done so. We ask

# ARNOLD & PORTER

Wilbur O. Colom, Esq.
Thomas Y. Page, Esq.
June 25, 2002
Page 2

that you dismiss the claims of all plaintiffs who claim to be Back-End Opt-Outs but who have not filed an Orange Form #3 and a Blue Form by an early date to be negotiated. We would need you to provide us with a copy of each opt-out form and Blue Form prior to that deadline.

(2)   Some of these plaintiffs have elected the Accelerated Implementation Option under the Settlement Agreement. Those plaintiffs are Velma T. Bell, Valenta Allen-Williams, Arma Harper and Edward McArthur. Each of these plaintiffs must dismiss their claims with prejudice.

(3)   The complaints all seek punitive damages. Back-End Opt-Outs are not permitted to seek "punitive, exemplary or any multiple damages." *See* Settlement Agreement § IV.D.4.c. We would need you to amend the complaints expressly to forego any claim for such damages.

(4)   While you claim that your clients are entitled to exercise a Back-End Opt-Out, the injuries complained of are not limited as required by the Settlement Agreement. The Settlement Agreement limits the injuries on which a claim may be based to injuries to a specific heart valve, either mitral or aortic, which has been diagnosed by a Qualified Physician as FDA Positive or Mild Mitral Regurgitation by an Echocardiogram, as defined in the Settlement Agreement. Furthermore, the only condition on which the suit may be based is the Matrix-level condition on the basis of which the opt-out has been effected. *See* Settlement Agreement § IV.D.4.c. We would need you to amend the complaints to eliminate their broad allegations of injuries and instead expressly to limit the injuries on which each claim is based to a specific injury as permitted by the Settlement Agreement.

(5)   Whatever the usual practice in Mississippi might be concerning the joining of multiple plaintiffs, the Settlement Agreement does not contemplate the litigation of Back-End Opt-Out claims en masse. It contemplates that such claims will be litigated one by one. We would need you to sever into a separate complaint each individual diet drug user who is suing as a Back-End Opt-Out. Of course, we would not expect that family members suing derivatively would have to be severed from the diet drug user.

# ARNOLD & PORTER

Wilbur O. Colom, Esq.
Thomas Y. Page, Esq.
June 25, 2002
Page 3

      (6)    The Settlement Agreement also does not contemplate that claims against non-AHP Released Parties could be asserted in the same complaint as that asserting claims against AHP Released Parties. These complaints, however, name not only Wyeth and its affiliates, but also phentermine companies and pharmacies which are not AHP Released Parties under the Settlement Agreement. We would need you to sever the claims against the phentermines and pharmacies from your claims against Wyeth.

      (7)    These complaints assert claims based on primary pulmonary hypertension and/or pulmonary hypertension. If you are serious about these claims, we will initiate a demand that you provide all relevant medical evidence in that regard, as required by PTO 2383. If you are not serious about these claims, however, we would need you to delete them from your complaint, in accordance with paragraph 4 above.

      (8)    While not related to the Settlement Agreement, we also note that a number of the plaintiffs in these actions have previously entered into individual settlement agreements with Wyeth. Those plaintiffs are: Linda Harmon, Anthony E. Sykes, Lillian Chandler, Robert McDaniel and Johnny E. Clark. We request that you promptly dismiss these plaintiffs from your complaints, with prejudice.

          \*      \*      \*

      Please respond to this letter no later than Monday, July 1. If you wish to discuss these issues, please give me a call at (202) 942-5862.

              Very truly yours,

              Robert D. Rosenbaum

cc: Anand Agneshwar, Esq.
    William M. Gage, Esq.

**BUTLER, SNOW,
O'MARA, STEVENS
& CANNADA, PLLC**

ATTORNEYS AT LAW

STEPHANIE M. RIPPEE
(601) 985-4569

September 27, 2002

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: stephanie.rippee@butlersnow.com
www.butlersnow.com

Gray Laird
Page, Kruger & Holland
P. O. Box 1163
Jackson, MS 39215-1163

Re: *Linda Harmon, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Duwanda Robbins, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Janice Binion, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Mary F. Sanders, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Patricia Mosley, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Lillian Chandler, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Brenda Stallings, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*

Dear Gray:

According to the Complaints filed in these cases, certain of the plaintiffs are intermediate opt-outs and/or backend opt-out. Notwithstanding and without waiving any defenses Wyeth has in this case, including but not limited to jurisdictional defenses, I ask that plaintiffs immediately forward to me all reports, records, and videotapes pertaining to any echocardiograms any of these plaintiffs have had at any time by any provider. Specifically, I note that plaintiffs have produced at least one echo report for all of these plaintiffs from Dr. Razzak Tai but have not produced any videotapes of those echos. This material is essential to a timely determination of the threshold issue of whether these plaintiffs are medically eligible to sue under the national settlement agreement. As you are aware, the parties recently entered into an agreement to stay discovery in these cases for 60 days while medical record material is gathered in order to allow the parties to resolve just this type of issue. Accordingly, time is of essence.

Very truly yours,

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Stephanie M. Rippee

Robbins

JACKSON, MISSISSIPPI    GULFPORT, MISSISSIPPI    MEMPHIS, TENNESSEE    WASHINGTON, D.C.

# BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
ATTORNEYS AT LAW

STEPHANIE M. RIPPEE
(601) 985-4569
October 25, 2002

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: stephanie.rippee@butlersnow.com
www.butlersnow.com

Gray Laird
Page, Kruger & Holland
P. O. Box 1163
Jackson, MS 39215-1163

Re: *Linda Harmon, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Duwanda Robbins, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Janice Binion, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Mary F. Sanders, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Patricia Mosley, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Lillian Chandler, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Brenda Stallings, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*

Dear Gray:

You have not responded to my September 27, 2002 letter, nor have you produced any material (including videotapes) pertaining to any echocardiograms plaintiffs have received in this matter. I again urge you to produce this material as soon as possible so that we may keep this case moving forward in a timely manner.

Very truly yours,

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Stephanie M. Rippee

SMR:skj

JACKSON, MISSISSIPPI    GULFPORT, MISSISSIPPI    MEMPHIS, TENNESSEE    WASHINGTON, D.C.

# PAGE, KRUGER & HOLLAND, P.A.
## ATTORNEYS AND COUNSELORS AT LAW

POST OFFICE BOX 1163
JACKSON, MISSISSIPPI 39215-1163

H. GRAY LAIRD, III
E-Mail: glaird@pkh.net

TELEPHONE: (601) 420-0333
FACSIMILE: (601) 420-0033

10 CANEBRAKE BOULEVARD
SUITE 200
JACKSON, MISSISSIPPI 39232

November 8, 2002



NOV 13 2002

Butler Snow

Stephanie M. Rippee, Esquire
Butler, Snow, O'Mara, Stevens & Cannada
Post Office Box 22567
Jackson, Mississippi 39225-2567

Re: Linda Harmon, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Duwanda Robbins, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Janice Binion, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Mary F. Sanders, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Patricia Mosley, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Lillian Chandler, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.
Brenda Stallings, et al. v. Wyeth-Ayerst Pharmaceuticals, Inc., et al.

Dear Stephanie:

I apologize for the delay in responding to your recent letters. We do not have the videotapes pertaining to the echocardiograms. I assume that the medical records authorizations that the Plaintiffs have signed will allow you to obtain the videotapes from the medical providers. Please let me know if you have any questions.

Very truly yours,

PAGE, KRUGER & HOLLAND, P.A.

H. GRAY LAIRD, III

HGLIII:sd

# BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
### ATTORNEYS AT LAW

STEPHANIE M. RIPPEE
(601) 985-4569

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: stephanie.rippee@butlersnow.com
www.butlersnow.com

November 15, 2002

H. Gray Laird III
Page, Kruger & Holland
P. O. Box 1163
Jackson, MS 39215-1163

Re: *Linda Harmon, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Duwanda Robbins, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Janice Binion, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Mary F. Sanders, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Patricia Mosley, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Lillian Chandler, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*
*Brenda Stallings, et al. v. Wyeth-Ayerst Pharmaceuticals Inc., et al.*

Dear Gray:

Thank you for your November 8, 2002 correspondence. We have been using the medical authorizations that plaintiffs provided to obtain medical records, including echocardiogram videotapes, from plaintiffs' treating physicians. Plaintiffs are, however, attempting to use Dr. Razzak Tai as an expert in this case. Since plaintiffs will be relying on these echocardiograms as evidence at they were injured by their use of diet drugs, plaintiffs have an affirmative obligation to gather all of these echocardiogram videotapes and produce them to Wyeth. Clearly this is material within plaintiffs' custody or control. Further, Wyeth does not feel comfortable having direct contact with plaintiffs' purported expert in an attempt to gather this material.

Additionally, if plaintiffs have had any other echocardiograms performed by any non-testifying consulting expert which plaintiffs have not yet identified, we ask that plaintiffs identify and produce those echos. At the very least, we ask that plaintiffs provide us with a privilege log identifying those echocardiograms so that we may determine if we wish to challenge plaintiffs' assertion of privilege.

*[Handwritten note:]* Gray - I think this letter got cut off by the computer the first time I sent it to you. Sorry, Stephanie

03/13/2003 10:40 FAX 6019854500          BUTLER SNOW ATTYS.                              ☐003

Thank you for your cooperation with regard to these matters.

Very truly yours,

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

*Stephanie M. Rippee*

Stephanie M. Rippee

SMR:skj

**BUTLER, SNOW,
O'MARA, STEVENS
& CANNADA, PLLC**

ATTORNEYS AT LAW

WILLIAM M. GAGE
(601) 985-4561

POST OFFICE BOX 22567
JACKSON, MISSISSIPPI 39225-2567

AMSOUTH PLAZA
17TH FLOOR
210 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201

TELEPHONE: (601) 948-5711
FACSIMILE: (601) 985-4500

E-Mail: william.gage@butlersnow.com
www.butlersnow.com

January 9, 2003

**VIA FACSIMILE**

Gray Laird
Page Kruger & Holland
775 Woodlands Parkway, Suite 100
Post Office Box 1163
Jackson, MS 39215

  Re: Harmon v. Wyeth
    Robbins v. Wyeth
    Binion v. Wyeth
    Chandler v. Wyeth
    Mosley v. Wyeth
    Stallings v. Wyeth
    Sanders v. Wyeth

Dear Gray:

  Pursuant to our telephone conversation of January 6, 2003, I understand you will be meeting with your co-counsel soon to discuss the various problems Wyeth has identified with your diet drug cases, including but not limited to, those issues identified in Bob Rosenbaum's letter of June 25, 2002, and the personal jurisdiction issues relating to your out of state plaintiffs. As soon as you have discussed these issues with your co-counsel, please contact me so we can attempt to work toward a resolution of these issues.

  Thanks for your prompt attention to these matters. I look forward to hearing from

          Very truly yours,

          BUTLER, SNOW, O'MARA, STEVENS &
         CANNADA, PLLC

         *William M. Gage*

         William M. Gage

WMG:pr